UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAYMOND L. ORTIZ,

                    Plaintiff,

         -against-

VINCENT TINNERELLO; BRIAN
TRENTACOSTA,

                  Defendants.

20-CV-9706 (CM)

TRANSFER ORDER

COLLEEN McMAHON, Chief United States District Judge:

    Plaintiff, a resident of Kings County, New York, brings this *pro se* action under 42 U.S.C. § 1983. He alleges that employees of Connecticut's Department of Children and Families (DCF) violated his rights in Danbury, Connecticut, in 2017, in connection with the custody of Plaintiff's young daughter. For the following reasons, the Court transfers this action to the United States District Court for the District of Connecticut.

    Under 28 U.S.C. § 1391(b), a civil action may be brought in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." For venue purposes, a "natural person" resides in the district where the person is domiciled. *See* 28 U.S.C. § 1391(c)(1).

    Plaintiff alleges that Defendants, a program manager and case manager with Connecticut's DCF, violated his constitutional rights and Connecticut law, in connection with custody of Plaintiff's two-year-old child. He alleges that his claims arose in Danbury,

Connecticut, and that Defendants reside in Connecticut. Because Plaintiff alleges that the events or omissions giving rise to his claims arose entirely outside this district, and that all Defendants reside outside this district, venue is not proper in this Court under § 1391(b)(1), (2).

Plaintiff's claims arose in Danbury, which is in Fairfield County, Connecticut, in the District of Connecticut. *See* 28 U.S.C. § 86. Accordingly, venue is proper in the District of Connecticut, 28 U.S.C. § 1391(b)(2), and the Court transfers this action to the United States District Court for the District of Connecticut, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The Clerk of Court is further directed to transfer this action to the United States District Court for the District of Connecticut. A summons shall not issue from this Court. Whether Plaintiff should be permitted to proceed further without payment of fees is a determination to be made by the transferee court. This order closes the case in this Court.

SO ORDERED.

Dated:   November 19, 2020
         New York, New York

                                          _____
                                          COLLEEN McMAHON
                                          Chief United States District Judge